IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



ANTONIO I. BRYANT,                      )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )   No. 06 C 114
                                        )
GENERAL PACKAGING PRODUCTS,             )
INC., a Delaware Corporation,           )
and GRAPHIC COMMUNICATIONS              )
INTERNATIONAL UNION, LOCAL NO.          )
458-3M,                                 )
                                        )
            Defendants.                 )
                                        )

**MEMORANDUM OPINION AND ORDER**

Before me are two separate motions to dismiss brought by defendants General Packaging Products, Inc. ("GPP") and Graphic Communications International Union, Local No. 458-3M ("the Union"). Plaintiff Antonio Bryant ("Bryant") is a former employee of GPP and was a member of the Union during that employment. In his substituted and corrected first amended complaint (his "complaint") Bryant alleges that defendants created a hostile work environment for him at GPP, and that he was racially harassed and treated differently because of his race. He also alleges that he was unfairly discharged from his employment at GPP, and that the Union did not fairly represent him. Bryant's complaint brings claims for (1) employment discrimination under Title VII against GPP (Count I); (2) a violation of the Civil Rights Act of 1866 against GPP (Count II); (3) racial harassment and racially hostile work

environment against GPP (Count III); (4) disparate treatment under Title VII against the Union (Count IV); (5) a violation of the Civil Rights Act of 1866 against the Union (Count V); (6) a racially hostile work environment against the Union (Count VI); (7) breach of the duty of fair representation against the Union (Count VII); and (8) breach of contract against GPP (Count VIII). The Union has brought a motion to dismiss Counts IV, V (in part), VI and VII under FED. R. CIV. P. 12(b)(6). GPP has brought a separate motion to dismiss Count VIII, also under Rule 12(b)(6). For the following reasons, I deny both defendants' motions.

I.

In assessing defendants' motions to dismiss, I must accept all well-pled facts in Bryant's complaint as true. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). I must view the allegations in the light most favorable to Bryant. *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). Dismissal of a claim is proper only if Bryant can prove no set of facts to support that claim. *First Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 799, 804 (7th Cir. 2002). My review is limited to the pleadings on file, so I must exclude from my analysis any factual assertions either party made in their papers related to the motion to dismiss. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1430 (7th Cir. 1996).

2

II.

I first address the Union's motion. The Union makes two arguments in favor of dismissal. First, it contends that Counts IV and VI and a portion of Count V should be dismissed because Bryant has not exhausted his administrative remedies. His complaint does not allege that he received notice of his right to sue the Union as required by Title VII. Second, the Union argues that Count VII should be dismissed because, on the face of the complaint, it is barred by the statute of limitations.

The Union is correct that Bryant's complaint does not allege that Bryant received notice of his right to sue the Union. Counts IV, V and VI all contain allegations that the Union violated 42 U.S.C. §§ 1981 and 2000e or Title VII.[1] Bryant's complaint alleges that he filed an EEOC charge against the Union on May 3, 2006 (one day before he filed the most recent version of his complaint) but does not allege that he received notice of his right to sue. However, the Union stated in its reply that Bryant has since received his right to sue letter from the EEOC. The Union did not defend its original argument on this point, or Bryant's arguments

---

[1] Count V of Bryant's complaint alleges a violation of the Civil Rights Act of 1866 but includes the specific allegations that Bryant violated Title VII and 42 U.S.C. §§ 1981 and 2000e. The Union has filed an answer to Count V to the extent that count alleges claims other than under Title VII.

3

that he could file his suit prior to receiving notice, in its reply, so I treat this argument as waived.[2]

The Union's remaining argument is that Count VII should be dismissed because, on the face of the complaint, it is barred by the statute of limitations. The Supreme Court has determined that breach of duty of fair representation claims such as Bryant's have a six-month statute of limitations. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169-72 (1983) (holding that, although statute was silent on appropriate statute of limitations for claims under 29 U.S.C. § 185, statute of limitation set forth in 29 U.S.C. § 160(b) applied by analogy to such claims).[3] Although affirmative defenses normally need not be anticipated or negated in a complaint, if a plaintiff pleads facts that show that his claim is time-barred, he can "plead[] himself out of court." *Tregenza v. Great Am. Communications Co.*, 12 F.3d 717, 718-19 (7th Cir. 1993) (internal citations omitted) ("A complaint that on its face reveals that the plaintiff's claim is barred by a statute of limitations. . . can be dismissed on a motion to dismiss."). The Union contends

---

[2]The Union's reply contained a footnote stating, "With respect to Plaintiff's Title VII claims, Plaintiff has since the original filing of the Union's motion to dismiss received a right-to-sue letter from the EEOC. Accordingly, this reply addresses only Plaintiff's duty of fair representation claim."

[3]Count VII of Bryant's complaint alleges that the Union violated its duty of fair representation under "Section 301(a) of the [National Labor Relations Act], 28 U.S.C. § 301." The correct statutory citation for this section is 29 U.S.C. § 185.

that Bryant has pled himself out of court. It argues that Bryant's fair representation claim alleges that the Union disregarded Bryant's complaints of racial harassment and discrimination during his employment with GPP, and that the Union failed to protect his rights at the meeting in which GPP terminated him. The Union argues that because Bryant specifically alleges he was terminated on August 15, 2005, and his complaint adding the Union as a defendant was filed more than six months after that date on May 4, 2006, the statute of limitations on Bryant's fair representation claim expired before he brought suit.

However, from the face of the complaint, Bryant has not pled himself out of court. He argues that it is not clear from the face of the complaint that the statute of limitations expired on this claim before he filed his complaint adding charges against the Union. The statute of limitations for this claim began to run when Bryant discovered, or "in the exercise of reasonable diligence should have discovered," the Union's purported acts constituting a violation of its duty toward him. *Christiansen v. APV Crepaco, Inc.*, 178 F.3d 910, 914 (7th Cir. 1999) (quoting *Metz v. Tootsie Roll Indus., Inc.*, 715 F.2d 299, 304 (7th Cir. 1983)); *see also Chapple v. Nat'l Starch & Chem. Co.*, 178 F.3d 501, 505 (7th Cir. 1999) (internal citations omitted) ("[A] cause of action accrues from the time a final decision on a plaintiff's grievance has been made or from the time the plaintiff discovers, or in the exercise

of reasonable diligence should have discovered, that no further action would be taken on his grievance."). The Union contends that this was around the time Bryant was discharged, on or about August 15, 2005. As Bryant argues, however, it is not clear from the face of his complaint when he understood that the Union would take no more action on his behalf.[4] Bryant has not pled himself out of court on his fair representation claim, so I deny the Union's motion to dismiss.[5]

III.

GPP has also brought its own motion to dismiss Bryant's breach of contract claim (Count VIII), contending that this complaint is barred by the statute of limitations. Bryant contends in Count

---

[4]In its reply, the Union contends Bryant's complaint does show that Bryant should have known at the meeting that the Union would take no further action on his behalf because the complaint alleges that the Union representative "took no action" at the meeting after also ignoring earlier complaints. The Union also points out that Bryant attached to his complaint a copy of a charged he filed against the Union with the Illinois Department of Human Rights in which he states he has not filed a grievance with the Union. Regardless of Bryant's failure to file a formal grievance or the Union's inaction, the complaint as written does not foreclose a showing that a reasonable person in Bryant's situation would have believed on August 15 that the Union would still take some action on his behalf. Moreover, this is not a question that should be resolved at the motion to dismiss stage.

[5]Because I find that Bryant's complaint has not pled facts showing it is time-barred, I need not address Bryant's other arguments, including that his motion for appointment of counsel should have tolled the statute of limitations, and that equitable tolling should apply because Bryant, as a pro se litigant, was unaware that he had a claim against the Union until this court appointed him counsel.

VIII that GPP breached its collective bargaining agreement with Bryant, a violation of Section 301 of the National Labor Relations Act ("§ 301") by terminating him on the basis of his race. Although Bryant brought other claims against GPP in a prior version of his complaint that were within the statute of limitations, GPP contends that the breach of contract claim, explicitly raised for the first time on May 4, 2006, is time-barred.

As discussed above, a plaintiff may plead himself out of court if his complaint reveals on its face that his claim is barred by the applicable statute of limitations. See Tregenza, 12 F.3d at 718-19. Bryant first contends that he has not pled himself out of court because, on its face, his complaint does not foreclose the possibility that the statute of limitations should be tolled or that equitable estoppel should apply to prevent GPP from asserting the statute of limitations. GPP contends that a plaintiff who has affirmatively pled that his cause of action arose outside the normal statute of limitations may not survive a motion to dismiss simply because the complaint does not affirmatively foreclose every conceivable response to a statute of limitations defense. The law on this question is unclear in the Seventh Circuit.

I need not resolve this dispute, however, because I find that this claim relates back to the date of Bryant's original pleading, which he filed within the statute of limitations. An amendment to a pleading relates back to the date of the original pleading if

7

"the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." FED. R. CIV. P. 15(c)(2). The Supreme Court has interpreted this to mean that an amended complaint relates back to an earlier complaint if both are based on the same "common core of operative facts," See *Mayle v. Felix*, 545 U.S. 644, 125 S. Ct. 2562, 2571 (2005) (internal citation omitted). I can find no precedent establishing a requirement that the original complaint allege all facts necessary to establish every element of the amended complaint.

Bryant prepared his original complaint *pro se* so I will give it a generous interpretation. *Lewis v. Sternes*, 390 F.3d 1019, 1027 (7th Cir. 2004) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). In Bryant's original complaint, he does not specifically allege that he was discharged because of his race. He does not set forth specific legal theories under specific counts, instead giving a narrative of what purportedly occurred during his employment at GPP, as well as making some legal and ethical arguments. Included in his narrative are detailed allegations of a racially harassing work environment at GPP. Further, Bryant states, "After trying to continue to work in good faith, I felt like a slave and got my freedom in the form of coming to work and having a day like Mr. Luethje; where I wanted to sit down and do nothing, although there was work to do. I was discharged." Elsewhere in this complaint

8

Bryant also implies that Luethje, his co-worker, was not African-American and did not work as hard as Bryant. Bryant also specifically cites to a purported provision of a collective bargaining agreement between his union and GPP that prohibits GPP from discriminating against employees because of race. He also alleges that he was told that "Mr. Bunch," an employee at GPP and his boss, "is the Union in this company." He alleges that he made numerous complaints to Mr. Bunch, who did nothing. Bryant's initial complaint does not contain any allegations about the specific role of the Union or Mr. Bunch in his discharge.

Interpreting this complaint generously, Bryant alleges in his original complaint that he was discharged by his employer in violation of the collective bargaining agreement. At the very least, Bryant's discriminatory discharge claim is based on the same common core of facts as the Title VII claims raised in his initial complaint because both are based on the allegation that GPP discharged him because of his race. *See Faust v. RCA Corp.*, 612 F. Supp. 540, 543-44 (D. Pa. 1985) (holding, where original complaint alleged plaintiff was discharged without cause, amended complaint alleging violation of § 301 for discharge in violation of collective bargaining agreement related back to original complaint). GPP contends that Bryant's later claim does not relate back because the original complaint does not include claims against the Union and does not allege that the Union failed to protect

Bryant's rights during his discharge. To establish a successful claim under § 301 against an employer for violation of the collective bargaining agreement, a plaintiff must also show that the union violated its duty of fair representation, but the plaintiff may make this showing without bringing a claim against the union. *See DelCostello*, 462 U.S. at 164-65. Bryant's amended complaint relates back to his original complaint, at least with respect to his breach of contract claim, regardless of whether the original complaint alleged any facts relating to the Union's actions, because both claims still rely on a common core of operative facts. This is particularly true given that Bryant's original complaint did allege that the Union, through Mr. Bunch, was generally unreceptive to his complaints about his treatment. GPP's motion to dismiss this claim is denied.

IV.

For the above reasons, the Union's and GPP's motions to dismiss are denied.

ENTER ORDER:

*Elaine E. Bucklo*
United States District Judge

Dated: September 25, 2006

10